**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:22-CV-00588-CHL**

**AARRON D.,[1]**  **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,[2]**  **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Complaint filed by Plaintiff, Aarron D. ("Claimant"). Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a Fact and Law Summary and/or supporting brief, and Claimant filed a reply. (DNs 12, 14, 15.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 16.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 § U.S.C. 405(g), to the Commissioner to conduct additional proceedings to remedy the herein identified defects in the original proceedings.

**I.     BACKGROUND**

On or about August 26, 2019, Claimant protectively filed an application for disability insurance benefits ("DIB") alleging disability beginning on January 14, 2014. (R. at 20, 79-80,

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.
[2] As Martin O'Malley is now the Commissioner of Social Security in place of Kilolo Kijakazi, he is automatically substituted as the Defendant in this matter pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to change the case caption to reflect the substitution.

86, 88, 96, 184-190.) On January 5, 2021, Administrative Law Judge ("ALJ") John Price ("the ALJ") conducted a hearing on Claimant's application. (*Id.* at 36-78.) In a decision dated February 1, 2021, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id.* at 17-35.) In doing so, the ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2018. (*Id.* at 22.)

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 14, 2014 through his date last insured of December 31, 2018. (*Id.* at 23.)

3. Through the date last insured, the claimant had the following severe impairments: post-traumatic stress disorder (PTSD), degenerative disc disease, obesity, degenerative joint disease of the knees and sleep apnea. (*Id.*)

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*)

5. [T]hrough the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant must have the option to rotate between sitting and standing at 30 minute intervals taking a minute or two to change position. The claimant should avoid climbing ladders, ropes and scaffolds. The claimant is able to climb ramps and stairs, balance, stoop, kneel, crouch and crawl occasionally. The claimant should avoid work hazards such as unprotected heights and dangerous moving machinery. The claimant should avoid concentrated exposure to dust, gas, fumes and other pulmonary irritants. The claimant is capable of simple, routine, non-detailed and non-complex job tasks with little to no change in the work routine and little to no use of independent judgment. The claimant is capable of performing this work in a low stress setting with no fast-paced production rate demands or quotas. The claimant may have occasional, superficial contact with coworkers and supervisors. The claimant should avoid interacting with the general public. (*Id.* at 25.)

6. Through the date last insured, the claimant was unable to perform any past relevant work. (*Id.* at 30.)

7. The claimant . . . was 33 years old, which is defined as a younger individual age 18-49, on the date last insured. (*Id.*)

8. The claimant has at least a high school education. (*Id.*)

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (*Id.*)

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed. (*Id.*)

11. The claimant was not under a disability, as defined in the Social Security Act, from January 14, 2014, the alleged onset date, through December 31, 2018, the date last insured. (*Id.* at 31.)

Claimant subsequently requested an appeal to the Appeals Council, which denied his request for review on September 14, 2022. (*Id.* at 1-7, 179-180, 286-288.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2023); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Accordingly, Claimant timely filed this action on November 2, 2022. (DN 1.).

## II.   DISCUSSION

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 404-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a) (2023).

A.	**Standard of Review**

The Court may review the final decision of the Commissioner, but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

B.	**Five-Step Sequential Evaluation Process for Evaluating Disability**

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2023). In summary, the evaluation process proceeds as follows:

(1)	Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2)	Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[3] and

---

[3] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2023).

        significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4)      Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5)      Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

    **C.**    **Claimant's Contentions**

Claimant challenged the ALJ's Findings Nos. 5 and 10. (DN 12, at PageID # 768; DN 15, at PageID # 814.) First, Claimant argued that "because the record contained no medical opinion evidence supporting the ALJ's RFC determination, the ALJ [improperly] relied solely on his own lay interpretation of raw medical data in reaching his conclusion" and as such, his RFC is not supported by substantial evidence. (DN 12, at PageID # 768; DN 15, at PageID # 814.) Second, Claimant argued that the ALJ's step five finding is not supported by substantial evidence. (DN 12, at PageID # 784; DN 15, at PageID # 814.) In particular, he claimed that the ALJ failed to

resolve conflicts between the testimony of the vocational examiner ("VE") and the Dictionary of Occupational Titles ("DOT"). (DN 12, at PageID # 784; DN 15, at PageID # 814.) The Court will address these arguments below.

The Commissioner argued in response that the Claimant carries the burden, not the Commissioner, to prove he is disabled and also that ALJ's RFC need not be based on a medical source opinion. (DN 14, at PageID # 803.) The Commissioner is correct that the claimant bears the burden of proving "the existence and severity of limitations caused by" his physical and mental impairments. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, both the regulations and case law recognize that the ALJ has a duty to develop the record. 20 C.F.R. §§ 404.1512(b), 404.1545(a)(3) (2023); *see also Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). If after reviewing the evidence of record, the ALJ finds it to be insufficient or inconsistent, the ALJ may "determine the best way to resolve the inconsistency or insufficiency." 20 C.F.R. § 404.1520b(b)(2) (2023). An ALJ is not bound to resolve the inconsistency or insufficiency in a particular manner, but he may take additional steps to do so, including ordering a consultative examination. 20 C.F.R. § 404.1520b(b)(2)(iii); *see Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). While the ALJ has discretion in resolving discrepancies, substantial evidence in the record must support his or her RFC finding. *See, e.g.*, *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008) (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007)).

In *Deskin v. Comm'r of Soc. Sec.*, the Northern District of Ohio held that an ALJ may make a "commonsense judgment about functional capacity even without a physician's assessment," but only when "the medical evidence shows relatively little physical impairment." *Id.* at 912 (quoting *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). However, when

"making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms." *Id.*; *see also Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013, at *11-12 (E.D. Ky. Feb. 6, 2019) (citing *McGranahan v. Colvin*, No. 0:14-CV-83-JMH, 2015 WL 5828098, at *3 (E.D. Ky. Oct. 1, 2015)). The *Deskin* court articulated the rule as follows:

> [W]here the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing.

*Deskin*, 605 F. Supp. 2d at 912. Significant case law in this circuit supports the principle that when the evidence of physical impairment is more than minimal, an independent determination of functional limitations by the ALJ is not supported by substantial evidence and a medical opinion is required. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 828-29 (E.D. Mich. 2017) (collecting cases); *but see Reidenbach v. Comm'r of Soc. Sec.*, No. 5:21-cv-1880, 2022 WL 3043060, at *8 (N.D. Ohio Aug. 2, 2022) ("[T]he Sixth Circuit has not commented on *Deskin* or its progeny."). However, the "*Deskin* rule" narrowly applies in only two situations: "(1) where an ALJ made an RFC determination based on no medical source opinion; or (2) where an ALJ made an RFC determination based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Branscum*, 2019 WL 475013, at *11 (quoting *Raber v. Comm'r of Soc. Sec.*, No. 4:12-CV-97, 2013 WL 1284312, at *15 (N.D. Ohio Mar. 27, 2013)); *see also Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011).

The *Deskin* rule applies here because the ALJ made an RFC determination based on no medical source opinion whatsoever. The ALJ stated the following regarding the medical opinions:

> The undersigned has fully considered the medical opinions and prior administrative medical findings as follows: the undersigned has not analyzed the prior

7

>administrative findings for persuasiveness (Exhibits 1A and 4A). The prior consultants found insufficient evidence to address the claimant's limitations and medical opinions were not given regarding his specific capabilities (Exhibits 1A and 4A).

(R. at 30.) As referenced by the ALJ, not even the state agency medical and psychological consultants opined as to Claimant's RFC. (R. at 82-84; 92-94.) At the initial level, Ok Yung Chung, M.D., wrote in his assessment, "No comprehensive physical exam including detailed MSK gait, rom, grip, neuro motor, sensory exam. No XR L shoulder, L ankle, and LS spine to evaluate DLI timeframe." (*Id.* at 82.) Thus, Dr. Chung did not articulate an assessment of Claimant's RFC. (*Id.* at 84.) Also at the initial level, Jayne Dubois, Ph. D., found that there was insufficient evidence to assess the paragraph b criteria associated with Listings 12.08 and 12.15, explaining, "This claim is considered insufficient to rate the "B" criteria as there is no (or very limited) functional information in the file." (*Id.* at 83.) At the reconsideration level, Jacqueline Fischer, M.D., noted in her assessment that "[t]here is no NEW MER to assess during the DLI timeframe. There is insufficient evidence for assessment during the DLI timeframe." (*Id.* at 92.) Dr. Fischer, like Dr. Chung, did not offer an assessment of Claimant's RFC. (*Id.* at 94.) And also at the reconsideration level, Danelle Stevens-Watkins, Ph.D., also found there was insufficient evidence to assess the paragraph b criteria of Listings 12.08 and 12.15, writing, "NO NEW EVIDENCE FOR DLI PERIOD REGARDING CRITERIA B." (*Id.* at 93.) There are also no opinions from Claimant's providers or from a consultative examiner in the record.

Given the total absence of opinion evidence, Claimant argued that the ALJ erred in forming an RFC based on raw medical data without the benefit of any medical source opinion as to his functional limitations. (DN 12, at PageID # 783.) In response, the Commissioner raised a line of cases emphasizing that an ALJ's RFC "finding does not need to correspond to a *particular* physician's opinion." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019)

8

(emphasis added) (quoting *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)). As emphasized by the Commissioner, the Sixth Circuit has "rejected the argument that a[n] [RFC] determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018); *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016). Yet all these cases are distinguishable from the case at bar as they address instances where the ALJ reviewed but rejected some opinion evidence in the record in forming his or her RFC, not the absence of medical opinion evidence altogether. *See Turk*, 647 F. App'x at 640 (addressing ALJ's decision not to give controlling weight to the opinion of claimant's treating physician); *Tucker*, 775 F. App'x at 226 (addressing weight ALJ gave to consultative examiner's opinion); *Mokbel-Aljahmi*, 732 F. App'x at 401 (addressing ALJ's rejection of multiple physician's opinions in formulating Claimant's RFC); *Rudd*, 531 F. App'x at 728 (rejecting argument that ALJ's RFC determination was infirm because "no physician opined that Rudd was able to perform the standing and walking requirements of light work" but there were multiple opinions in the record). The Court finds these authorities non-dispositive of the instant case. While it is ultimately the province of the ALJ to determine a Claimant's RFC and while an ALJ's RFC need not correspond to a particular opinion, consistent with *Deskin*, the ALJ erred here by forming an RFC without obtaining any opinion evidence. The ALJ found Claimant to have several severe impairments that limited his ability to perform basic work activities including PTSD, degenerative disc disease, obesity, degenerative joint disease of the knees and sleep apnea. (R. at 23.) Given these impairments, the ALJ should have further developed the record by "recontact[ing] the treating source, order[ing] a consultative examination, [ ] hav[ing] a medical expert testify at the hearing," or by some other appropriate method before formulating an RFC. *Deskin*, 605 F. Supp. 2d at 912.

9

For these reasons, the ALJ's RFC determination is not supported by substantial evidence in the record, and this Court will reverse and remand this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings. In light of the remand and reason for the same, the Court does not reach Claimant's argument regarding the alleged failure of the ALJ to address conflicts between the VE's testimony and the DOT.

### III.    ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that the final decision of the Commissioner is **REVERSED** and that this matter is **REMANDED**, pursuant to sentence four of 42 § U.S.C. 405(g), to the Commissioner to conduct additional proceedings to remedy the above-identified defects in the original proceedings.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:     Counsel of Record

March 25, 2024